## THE NO. 17.

(Circuit Court of Appeals, Second Circuit. June 8, 1921.)

No. 201.

1. **Payment ☞17—Notes given held not to extinguish indebtedness.**

In a proceeding in admiralty against a car float to recover for work and labor done and material furnished, a stipulation, whereby the claimant of the car float gave its notes for an amount agreed upon, and wherein it was provided that the stipulation was to become null and void on failure of claimant to pay any of the notes when due, did not extinguish the indebtedness, so as to make the claim of libelant against the claimant alone, and the court erred, on the claimant's default and bankruptcy, in not permitting libelant to proceed with its suit in rem, as if no such stipulation had been made.

2. **Admiralty ☞116—Appeal a new trial.**

An appeal in admiralty is a new trial.

Appeal from the District Court of the United States for the Eastern District of New York.

Libel in admiralty by the C. W. Hunt Company against Car Float No. 17, her tackle, etc.; Marine Operating Company, Inc., claimant. From an adverse decree and order, libelant appeals. Decree and order vacated.

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes
[1] 188 Fed. xvi, xvii, 109 C. C. A. xvi, xvii.

Alfred Ekelman, of New York City (R. H. Hupper, of New York City, of counsel), for appellant.

Theodore L. Bailey, of New York City (J. W. Griffin, of New York City. of counsel), for respondent.

Before WARD, HOUGH, and MANTON, Circuit Judges.

WARD, Circuit Judge.  The C. W. Hunt Company, Inc., libeled car float No. 17 to recover for work and labor done and material furnished.

November 8, 1919, the Marine Operating Company, Inc., owner of the car float, stipulated with the libelant that its value for purpose of bonding was $3,489.26, which was the amount claimed in the libel, and on the same day filed, together with the Ætna Casualty & Surety Company, a stipulation for costs in the sum of $500, and another for value in the sum of $3,489.26; the condition of the latter being:

"Now, therefore, the condition of this stipulation is such that if the claimant herein and the Ætna Casualty & Surety Company of Hartford, Conn., a corporation organized and existing under and by virtue of the laws of the state of Connecticut, duly authorized to do business in the state of New York, and having an office and usual place of business at No. 100 William street, borough of Manhattan, in the city of New York, the stipulators undersigned, shall abide by all orders of the court, interlocutory or final, and pay the amount awarded by the final decree rendered by this court, or by any appellate court, if any appeal intervene, then this stipulation to be void; otherwise, to remain in full force and virtue."

March 18, 1920, the libelant and claimant entered into the following stipulation:

"It is hereby stipulated and agreed by and between the attorneys for the respective parties hereto that the libelant, C. W. Hunt Company, Inc., recover from the car float No. 17, her tackle, etc., the sum of thirty-three hundred ($3,300) dollars, as the amount of its damage by reason of the matters set forth in the libel; and it is further stipulated that eight hundred ($800) dollars of this amount be paid to libelant on or before March 20, 1920, and that the balance, to wit, twenty-five hundred ($2,500) dollars, be paid to libelant by three promissory notes of Marine Operating Company, Inc., dated March 18, 1920, and payable as follows: Note for eight hundred fifty ($850) dollars payable June 18, 1920; note for eight hundred fifty ($850) dollars payable September 18, 1920; and note for eight hundred ($800) dollars payable December 18, 1920, and, upon failure of claimant so to do, then this stipulation to become null and void, receipt of check and notes hereby acknowledged."

The claimant did not pay the note due September 18, 1920, and on September 30 a petition in bankruptcy was filed against it and receivers appointed.  October 11 the District Court entered a decree for $1,760.15 in favor of the libelant against the stipulators upon the foregoing stipulation.  October 29 the Ætna Company moved in the District Court that the decree be vacated as to it, and the stipulation for value canceled so far as it was concerned, on the following ground:

"Upon information and belief that said Marine Operating Company, Inc., is now insolvent and in bankruptcy, petition having been filed and receiver appointed on September 30, 1920, and the proctors for libelant and claimant by entering into said stipulation of March 18, 1920, without the consent of said the Ætna Casualty & Surety Company, and extending the time for the claimant to pay the amount recoverable herein, if any, and waiving all defenses, have prejudiced said the Ætna Casualty & Surety Company and varied

the risk and departed from the conditions of the said stipulation for value and released said the Ætna Casualty & Surety Company from all liability thereunder."

November 23 the District Court granted the motion upon a different ground, saying:

"It appears to me that the meaning of this stipulation is that, if the check and notes were delivered to libelant on or before March 20th, the indebtedness is extinguished, and that the claim of C. W. Hunt Company, Inc., is against the Marine Operating Company, Inc., upon the promissory notes in question."

[1] We do not so construe the stipulation. On the contrary, the provision that, if any note were not paid when due, the whole stipulation was to become null and void, shows that the notes were not to extinguish the indebtedness. November 23 the order vacating the final decree was entered, the ordering part of which reads:

"Ordered, that the said motion be and the same hereby is granted, that the final decree entered herein on October 11, 1920, be and the same hereby is vacated and set aside, in so far as the same affects the Ætna Casualty & Surety Company, and that the stipulations for costs and value executed by the said the Ætna Casualty & Surety Company herein be and the same hereby are canceled and discharged of record, and the stipulator, the Ætna Casualty & Surety Company, released from all liability thereunder."

[2] This left the decree good as against the claimant. The whole decree should have been vacated, and the libelant left to proceed with this suit in rem as if no such stipulation had been made. An appeal in admiralty being a new trial, the decree of October 11 and the order of November 23, 1920, are vacated, the claimant is given 20 days from the date hereof to file an answer, if so advised, and thereupon, or upon default, if no answer be filed, proofs may be taken in accordance with Supreme Court admiralty rule 45 (40 Sup. Ct. xvii) and our admiralty rule VII (267 Fed. viii).